**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A1455. HALL et al. v. B-H TRANSFER COMPANY.          McF-055

McFADDEN, Judge.

Bobby Hall, III, John B. King, and Russell S. Sheppard appeal the trial court's grant of summary judgment to B-H Transfer Company on the plaintiffs' claim for violations of the disclosure requirements of the Truth-in-Leasing regulations, 49 CFR §§ 376.1 et seq., promulgated under the federal Motor Carrier Act, 49 USC §§ 14101 et seq. The plaintiffs argue that the trial court erred by finding that they had presented no evidence of actual damages due to B-H's violations of the regulations. We agree with the trial court that the plaintiffs have failed to point to any evidence that they have sustained actual damages because of B-H's violations of the regulations. We therefore affirm the trial court.

The plaintiffs are independent motor vehicle owner-operators who entered contracts with B-H to transport goods. At some point, the plaintiffs believed that B-H was underpaying them. They filed this action in 2003, alleging, among other things, breach of contract and violation of the disclosure requirements of the Truth-in-Leasing regulations. The trial court granted B-H summary judgment on the breach of contract claim, and we affirmed the judgment without opinion. *Gay v. B. H. Transfer Company,* 316 Ga. App. XXIV (July 2, 2012) (unpublished).

Upon remittitur, the trial court granted the plaintiffs partial summary judgment, finding that their contracts with B-H violated certain provisions of the Truth-in-Leasing regulations, but then granted B-H's motion for summary judgment on the ground that the plaintiffs had not presented any evidence to create an issue of material fact on the question of whether they had sustained actual damages because of the violations. The plaintiffs filed this appeal. The damages they claim are allegedly unauthorized deductions from their compensation for drayage fees.[1]

---

[1]The trial court defined "drayage" in the order that was previously affirmed on appeal.

> The term "drayage" is used when a container is moved from a trucking company's yard [to] the port. Drays are often required when a truck driver arrived too late and the port is closed. The truck driver will leave the container at the trucking company's yard rather than wait until the

Prior to 2002, the parties' contracts stated that B-H "reserves the right to withhold $200.00 on settlement date if the Contractor has failed to perform and complete any trips. . . ." Beginning some time in 2002, the contracts stated that B-H "may make deductions from payments otherwise due to Independent Contractor hereunder for amounts which Independent Contractor is indebted to [B-H] by virtue of the following: . . . Cost to [B-H] of actual expenses incurred due [to] Independent Contractor's failure to complete service as dispatched." The cost to complete the trip (i.e. to dray the load) is $36, and B-H only ever deducted $25 when a driver failed to complete a delivery and the company had to pay for a dray.

As pertinent to this appeal, the trial court found that these contractual provisions violated 49 CFR § 376.12 (d) because they allowed B-H "to withhold any amount sufficient to protect [it] from loss or to withhold actual expenses incurred,

port opens the following day. The next day a different driver will deliver the container to the port. It is the industry[-]wide practice for the original truck driver who was unable to deliver the container to the port to pay a share of the expenses associated with the dray.

including 'drayage fees.'" (This regulation is reproduced in full in the margin.[2]) The court found that the contracts' failure to state how drayage charges would be calculated violated 49 CFR § 376.12 (h). (This regulation is reproduced in full in the margin.[3]) But, the trial court found, because B-H never deducted more than $25 – less

---

[2] 49 CFR § 376.12 (d) provides:

Compensation to be specified. The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease. Such lease or addendum shall be delivered to the lessor prior to the commencement of any trip in the service of the authorized carrier. An authorized representative of the lessor may accept these documents. The amount to be paid may be expressed as a percentage of gross revenue, a flat rate per mile, a variable rate depending on the direction traveled or the type of commodity transported, or by any other method of compensation mutually agreed upon by the parties to the lease. The compensation stated on the lease or in the attached addendum may apply to equipment and driver's services either separately or as a combined amount.

[3] 49 CFR § 376.12 (h) provides:

Charge-back items. The lease shall clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed.

4

than the amount allowed by the contracts – the plaintiffs were not damaged. On appeal, the plaintiffs argue that the regulatory violations rendered the contractual provision invalid, and therefore every time drayage fees were deducted from their compensation, they were damaged.

The Motor Carrier Act at 49 USC § 14704 (a) (2) authorizes a private right of action for civil damages from violations of the federal Truth-in-Leasing regulations. The plain language of the statute requires that the plaintiffs prove actual damages. *Owner-Operator Independent Drivers Assn. v. Landstar System*, 622 F3d 1307, 1325 (VII) (11th Cir. 2010). Under the Act, a carrier "is liable for damages *sustained by a person as a result of an act or omission* of that carrier or broker in violation of [the regulations]." 49 USC § 14704 (a) (2) (emphasis supplied). "This standard requires proof that the [plaintiffs] sustained an injury as a result of [B-H's] failure to comply with § 376.12. Such proof . . . requires [the plaintiffs] to show how they sustained damages because of the violations." *Landstar*, 622 F3d at 1325 (VII) (citation omitted).

---

The lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge.

The plaintiffs argue that because the contractual provisions under which B-H made deductions for drayage fees from the plaintiffs' compensation violated the Truth-in-Leasing regulations, those contractual provisions were invalid, the deductions made under those provisions were improper, and the amount of the deductions constitute their damages. They cite no authority, and we have found none, that supports the position that a Truth-in-Leasing violation per se invalidates a contractual provision.

"[F]or the [p]laintiffs in this case to recover actual damages, each [p]laintiff must show that he suffered a loss because he relied on an inaccurate or incomplete disclosure, in regards to section 376.12(d)[ or (h)], by [B-H]." *Owner-Operator Independent Drivers Assn. v. Landstar System,* No. 3:02-CV-1005-J-25MCR, 2012 U.S. Dist. LEXIS 184418, 2012 WL 6827463, at *24 (II) (M.D. Fla. Aug. 30, 2012) (citations omitted). The plaintiffs have not pointed to evidence to create a question of fact on the issue of whether they suffered a loss because they relied on an inaccurate or incomplete disclosure. They point to no evidence that had the deductions for drayage fees been disclosed more fully they would not have taken jobs under the contracts. They point to no evidence that had the deductions been disclosed more fully the amount deducted would have been less than the $25 that was deducted.

The plaintiffs' argument that they were damaged from the deduction of drayage fees simply because of disclosure violations regarding the fees "is akin to statutory or presumed damages, rather than sustained damages as required by § 14704 (a) (2)." *Landstar*, 622 F3d at 1325 (VII). Accordingly, we affirm the trial court's grant of summary judgment to B-H.

*Judgment affirmed. Miller, P. J., concurs. McMillian, J., concurs in judgment only*.